# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3496

_____

Jeffrey C. Rahn,

      Appellant,

v.

Vickie Hawkins, Officer; Craig Jansen,
Officer; Gerry Fitzgerald, Officer;
Timothy Burger, Detective;
Ed Wagner; Douglas McGarry,
Detective; Patrick Schierbecker,
Detective; Ronald Livingston, Sgt.;
Robert Cutt, Lt.; David Pacino, Lt.;
Carl Wolf, Chief of Police for the
City of Hazelwood,

      Appellees.

Appeal from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

_____

Submitted: May 27, 2003

Filed: August 26, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

    This is a civil-rights case. City of Hazelwood, Missouri police officers Vickie
Hawkins, Craig Jansen, and Gerry Fitzgerald shot and maced Jeffrey Rahn while

attempting to arrest him following a credit-union robbery. Mr. Rahn sued these officers, as well as Lieutenant Robert Cutt, Sergeant Ronald Livingston, and Chief of Police Carl Wolf, under 42 U.S.C. § 1983. He claimed that Officers Hawkins, Jansen, and Fitzgerald used excessive force when they shot him eight times and maced him twice; that Officers Hawkins, Jansen, Fitzgerald, Cutt, and Livingston made false statements on police reports to justify their use of force and the issuance of an arrest warrant on charges not supported by probable cause; that Officers Hawkins, Jansen, and Fitzgerald conspired to arrest him on charges of kidnaping, first-degree assault, and armed criminal action by falsifying their original police reports; that Chief Wolf intimidated a bank-teller witness into including false information in her official statement, and Officers Hawkins, Jansen, Fitzgerald, Livingston, and Cutt conspired to conceal this witness's information from the grand jury to justify the officers' use of force; and that Chief Wolf failed to train his subordinates. The district court found the officers were entitled to qualified immunity on the excessive-force claim and granted summary judgment to defendants on the remaining claims.[1] We reverse the grant of qualified immunity, and we affirm otherwise.

Mr. Rahn attested to the following facts. On July 17, 1998, Officers Hawkins and Jansen responded to a police radio dispatch about an alarm at a credit union. As the officers were walking outside the credit union, Mr. Rahn exited the rear door with a gym bag in his hand. Officer Hawkins approached Mr. Rahn and ordered him to drop the bag. Mr. Rahn immediately did so, raising his hands above his head in a position of surrender. Officer Hawkins, ten feet from Mr. Rahn, then fired a succession of shots at him. Mr. Rahn attempted to surrender to Officer Jansen, and

---

[1]Mr. Rahn sued other police officers who were dismissed prior to service, and asserted other claims which were disposed of by the district court at the summary judgment stage. Mr. Rahn does not raise these matters on appeal. See Mahaney v. Warren County, 206 F.3d 770, 771 n.2 (8th Cir. 2000) (per curiam) (claims not raised in brief are waived).

upon Officer Jansen's command, took several steps toward him, keeping his arms raised in surrender. Officer Jansen fired numerous times at Mr. Rahn. Shortly thereafter, Officer Fitzgerald arrived on the scene and without warning, sprayed mace in Mr. Rahn's face. Convinced that police were attempting to murder him, Mr. Rahn entered Officer Hawkins's police car but not before Officer Fitzgerald shot him in the leg. Mr. Rahn drove the car three to five miles before he lost consciousness. Officers Fitzgerald and Livingston pursued him; Officer Fitzgerald again maced Mr. Rahn, who was unconscious; and the officers handcuffed Mr. Rahn, pulled him out of the window, and threw him on the ground. Because of his numerous gunshot wounds, Mr. Rahn was hospitalized for thirteen months and had ten surgeries.

We review de novo the grant of summary judgment based on qualified immunity. See Seiner v. Drenon, 304 F.3d 810, 812 (8th Cir. 2002). When considering the qualified-immunity issue, we must first decide whether, viewed in the light most favorable to Mr. Rahn, the facts alleged show that the officers' conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). Claims that officers have used excessive force during an arrest are analyzed under the Fourth Amendment and its "objective reasonableness" standard. See Seiner, 304 F.3d at 812. The constitutionality of force used depends upon the facts and circumstances, including the severity of the crime at issue, whether the suspect posed an immediate safety threat to the officers or others, and whether the suspect actively resisted arrest or attempted to evade arrest by flight. See Graham v. Connor, 490 U.S. 386, 395-96 (1989).

We hold that Mr. Rahn has made out a constitutional violation. Mr. Rahn attested that he immediately dropped the gym bag he was carrying when Officer Hawkins ordered him to do so, and he raised both of his hands above his head in surrender; that he attempted to surrender to Officer Jansen, took several steps toward Officer Jansen upon command, and kept his arms raised in surrender while approaching Officer Jansen; and that he had lost consciousness while driving the

police car away from the credit union when Officer Fitzgerald maced him the second time. Even though the bank teller informed Officer Hawkins that Mr. Rahn had a gun when Officer Hawkins first came on the scene and Officer Hawkins relayed this information to Officer Jansen (this fact is not in dispute), in the present procedural posture of the case we are required to believe Mr. Rahn's version of the events: that he had dropped the bag he was carrying and had raised both of his arms in surrender before Officers Hawkins and Jansen opened fire, and that he was unconscious in the car when Officer Fitzgerald maced him a second time. Based on this version of the events, we conclude that a reasonable officer would have known that Mr. Rahn did not pose an immediate threat to the officers' or the bank teller's safety, and that Mr. Rahn was not actively resisting arrest. See Saucier, 533 U.S. at 207 (excessive-force claims are evaluated for objective reasonableness based upon information officers had when conduct occurred); cf. Ribbey v. Cox, 222 F.3d 1040, 1043 (8th Cir. 2000) (affirming denial of qualified immunity to police officer who shot and killed passenger in car; other passenger's version of events created genuine question of fact regarding whether officer had probable cause to believe that deceased passenger, who was turning reflexively down and away from breaking window, was reaching for weapon and thus posed significant threat of danger or serious physical harm to officer or others).

We also hold that the constitutional right at issue was clearly established. See Hope v. Pelzer, 536 U.S. 730, 741 (2002) (salient question is whether state of law at time of events at issue gave officers "fair warning" that their alleged treatment of plaintiff was unconstitutional). In July 1998, at the time of the robbery, the law was clearly established that using deadly force against a suspect who was attempting to surrender, and macing an unconscious suspect, exceeded the Fourth Amendment's objective-reasonableness standard. See Tennessee v. Garner, 471 U.S. 1, 11-12 (1985) (if suspect threatens officer with weapon or there is probable cause to believe suspect has committed crime involving infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where

feasible, some warning has been given); <u>Ellis v. Wynalda,</u> 999 F.2d 243, 247 (7th Cir. 1993) (force that is reasonable while suspect poses threat is no longer reasonable once threat is no longer present).

Accordingly, we reverse the grant of qualified immunity to Officers Hawkins, Jansen, and Fitzgerald, and we remand for further proceedings. We have carefully reviewed the dismissal of Mr. Rahn's remaining claims and his arguments on appeal. We conclude that they lack merit; thus, we affirm in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.